NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOUNTAIN RIGHT TO LIFE, INC., DBA Pregnancy and Family Resource Center; BIRTH CHOICE OF THE DESERT; HIS NESTING PLACE,<br><br>　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>XAVIER BECERRA, Attorney General of the State of California, in his official capacity,<br><br>　　　　Defendant-Appellee. | No.　16-56130<br><br>D.C. No. 5:16-cv-00119-TJH-SP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted June 9, 2017[**]
Pasadena, California

Before: LIPEZ,[***] BEA, and HURWITZ, Circuit Judges.

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

　　***　　The Honorable Kermit Victor Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

California's Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act ("the Act") requires licensed crisis pregnancy centers to notify clients that they may be eligible for free or low-cost abortions and unlicensed facilities to notify clients that they are not state-licensed. In this action, three faith-based, non-profit crisis pregnancy centers, Mountain Right to Life, Inc. (d/b/a Pregnancy and Family Resource Center), Birth Choice of the Desert, and His Nesting Place, argue that the Act violates the First Amendment free speech and free exercise of religion clauses. The district court denied Plaintiffs' motion for a preliminary injunction. We have jurisdiction over Plaintiffs' appeal from the denial of the injunction under 28 U.S.C. § 1292(a)(1) and affirm, because this case is controlled by our intervening opinion in *National Institute of Family & Life Advocates v. Harris*, 839 F.3d 823 (9th Cir. 2016) ("*NIFLA*").

1. The district court properly concluded that Plaintiffs cannot demonstrate a likelihood of success on the merits of their First Amendment free speech or free exercise claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Act regulates licensed covered facilities' professional speech, and is therefore subject to intermediate scrutiny, which it survives. *NIFLA*, 839 F.3d at 838-42. The notice requirement for unlicensed covered facilities survives any level of review. *Id.* at 843-44. And as to the free exercise claim, the Act is a neutral law of general applicability that survives rational basis review. *Id.* at 844-45.

2. Because Plaintiffs have not shown a likelihood of success on the merits of their First Amendment claim, nor have they raised serious questions going to the merits, we need not consider the remaining *Winter* factors. *Id.* at 845 & n.11.

**AFFIRMED.**